UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------------------ X
MARIA SARAVIA ALARCON, on behalf of herself
and all others similarly situated,

                Plaintiff,

                                                                **CLASS AND COLLECTIVE ACTION COMPLAINT**

        -against-

GIANNELLA'S MODERN BAKERY LLC and
JOHN IMPARATO,

                Defendants,
------------------------------------------------------------------------ X

      Plaintiff Maria Saravia Alarcon ("Saravia" or "Plaintiff"), on behalf of herself and all others similarly situated, by her attorneys Pechman Law Group PLLC, complaining of Defendants Giannella's Modern Bakery LLC and John Imparato ("Defendants"), alleges:

## NATURE OF THE ACTION

      1.    Saravia is a former baking oven operator for Giannella's Modern Bakery LLC.  Throughout her employment, Saravia regularly worked sixty hours per week, but Defendants paid her on a straight time basis that failed to compensate her with overtime pay at a rate of 1.5 times her regular hourly rate for hours worked over forty each workweek.

      2.    Saravia brings this action on behalf of herself and all similarly situated non-managerial wholesale facility workers to recover unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New Jersey Wage and Hour Law, N.J.S.A. § 34:11- 56(a) *et seq.* ("NJWHL").

## JURISDICTION

3. This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331 and 1337 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the District of New Jersey under 28 U.S.C. § 1391 because the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

**Plaintiff Maria Saravia Alcaron**

5. Maria Saravia Alcaron resides in Middlesex County, New Jersey.

6. Saravia worked as a bakery oven operator for Defendants from approximately April 2019 through November 2022.

**Defendant Giannella's Modern Bakery LLC**

7. Defendant Giannella's Modern Bakery LLC ("Giannella's Bakery") is a New Jersey corporation that owns and operates a wholesale bakery located at 298 21st Avenue, Paterson, New Jersey, 07501.

8. Giannella's Bakery was established in 1927 and advertises itself as the producer of high-quality freshly baked goods.

9. Giannella's Bakery is an "enterprise engaged in commerce" within the meaning of the FLSA.

10. Giannella's Bakery has employees engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produces for interstate commerce by any person.

11. In each of the three years preceding the filing of this Complaint, Giannella's Bakery's annual gross volume of sales exceeded $500,000.

**Defendant John Imparato**

12. Defendant John Imparato ("Imparato") is an owner and principal of Giannella's Modern Bakery LLC.

13. Imparato is listed as the registered agent of Giannella's Bakery in State of New Jersey Department of the Treasury filings.

14. Throughout Plaintiff's employment, Imparato held power and authority over personnel decisions at Giannella's Bakery, including the power to discipline employees, hire and fire employees, set employee schedules, set employee wage rates, retain time and/or wage records, and otherwise control the terms and conditions of their employment.

15. Imparato hired and fired Plaintiff.

16. Imparato set Plaintiff's wage rates and the wage rates of other employees.

17. Imparato distributed Plaintiff's wages and the wages of other employees.

18. Throughout Plaintiff's employment, Imparato was regularly present at Giannella's Bakery and directed the duties of employees.

19. Imparato also delegated authority to direct employee duties to his son, Anthony Imparato.

20. Imparato exercised sufficient control over Giannella's Bakery's operations and Plaintiff's employment to be considered Plaintiff's employer under the FLSA and the NJWHL.

## FACTUAL ALLEGATIONS

21. Saravia worked as a baking oven operator throughout her employment at Giannella's Bakery.

22. As a baking oven operator, Saravia spent most of her work time controlling various mechanisms on the oven and placing and removing breads from the oven.

23. Saravia performed other tasks at Giannella's Bakery as assigned by Defendants.

24. Throughout her employment, Saravia regularly worked six days per week, from Monday through Saturday, from approximately 4:00 a.m. to 2:00 p.m., 5:00 a.m. to 3:00 p.m., or 6:00 a.m. to 4:00 p.m., totaling approximately sixty hours per workweek.

25. From approximately March 2019 through December 2019, Defendants paid Saravia $10 per hour worked, including hours over forty per workweek.

26. From approximately January 2020 through December 2020, Defendants paid Saravia $11 per hour worked, including hours over forty per workweek.

27. From approximately January 2021 through December 2021, Defendants paid Saravia $12 per hour worked, including hours over forty per workweek.

28. From approximately January 2022 through November 2022, Defendants paid Saravia $13 per hour worked, including hours over forty per workweek.

29. Throughout her employment, Defendants paid Plaintiff for the first forty hours worked per workweek by check, and for additional hours in cash on a straight time basis.

## COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff brings this action on behalf of herself and all similarly situated non-managerial wholesale facility workers who worked for Giannella's Bakery within the

three years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective").

31. The FLSA Collective consists of approximately forty workers who have been victims of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia,* willfully denying the FLSA Collective overtime pay.

32. Plaintiff and the FLSA Collective have worked over forty hours per workweek, have performed virtually the same duties, were paid on an hourly basis, and have been subjected to the Defendants' common unlawful pay policies and practices depriving them of overtime pay at the rate of one and one-half times their regular hourly wage rates for all hours worked in excess of forty per workweek.

33. Defendants intentionally, willfully, and repeatedly harmed the FLSA Collective by engaging in patterns, practices, and policies violating the FLSA, including but not limited to: (1) failing to pay the FLSA Collective overtime wages for hours worked over forty per workweek; and (2) failing to keep full and accurate records of all hours worked by the FLSA Collective, as required by the FLSA.

34. Defendants engaged in this unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees their compensation.

35. Defendants are aware or should have been aware that the FLSA required them to pay the employees an overtime premium for hours worked in excess of forty per workweek.

36. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to Plaintiff and the FLSA Collective.

37. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. All similarly situated employees can be readily identified and located through Defendants' records.

The similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

38. The claims in this Complaint arising out of the NJWHL are brought by Plaintiff under Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and a class consisting of all similarly situated non-managerial wholesale facility workers who work or have worked for Giannella's Modern Bakery since August 2019 (the "Rule 23 Class").

39. The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

40. The size of the Rule 23 Class is at least forty individuals, although the precise number of such employees is unknown. Facts supporting the calculation of that number are presently within the sole control of Defendants.

41. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

42. Common questions of law and fact exist as to the Rule 23 Class that predominate over questions affecting them individually including, *inter alia*, the following:

    a. Whether Defendants violated the NJWHL and supporting regulations with respect to compensation of the Rule 23 Class as alleged herein;

    b. Whether Defendants maintained accurate records of hours worked and pay received by the Rule 23 Class as required by the NJWHL;

    c. Whether Defendants failed to pay overtime wages to the Rule 23 Class for hours worked in excess of forty per workweek, as required by the NJWHL; and

   d. Whether Plaintiff and the Rule 23 Class have sustained damages and, if so, the proper measure of such damages.

  43. Plaintiff's claims are typical of the claims of the Rule 23 Class she seeks to represent. Plaintiff and the members of the Rule 23 Class work or have worked for Defendants at various times within the applicable statutory period. They enjoy the same statutory rights under the NJWHL to be paid at the overtime rate for all hours worked over forty in a workweek. Plaintiff and the members of the Rule 23 Class have sustained similar types of damages as a result of Defendants' failure to comply with the NJWHL.

  44. Plaintiff and the Rule 23 Class have all been injured in that they have been under-compensated due to Defendants' common policies, practices, and patterns of conduct.

  45. Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.

  46. Plaintiff has retained legal counsel competent and experienced in wage and hour litigation and class action litigation.

  47. There is no conflict between Plaintiff and the Rule 23 Class members.

  48. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common policies, practices, and procedures. Although the relative damages suffered by the individual class members are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual Rule 23 Class members lack the financial resources necessary to conduct a thorough examination of Defendants' compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class action litigation is superior because it will

obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

49. This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## FIRST CLAIM
### (FLSA – Unpaid Overtime Wages)

50. Plaintiff and the FLSA Collective repeat and reallege all foregoing paragraphs by reference.

51. Defendants are employers within the meaning of 29 U.S.C. § 203(d) and 207(a) and employed Plaintiff and the FLSA Collective.

52. Defendants were required to pay Plaintiff and the FLSA Collective overtime wages at a rate of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty hours per workweek pursuant to the overtime wage provisions of the FLSA, 29 U.S.C. § 207, *et seq*.

53. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the FLSA Collective overtime wages at a rate of one and one-half times their regular hourly wage rates for hours worked in excess of forty per workweek.

54. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to compensation of Plaintiff and the FLSA Collective.

55. As a result of Defendants' violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and pre- and post-judgment interest.

## SECOND CLAIM
### (NJWHL – Unpaid Overtime Wages)

56. Plaintiff and the Rule 23 Class repeat and reallege all foregoing paragraphs by reference.

57. Under the NJWHL, Defendants were required to pay Plaintiff and the Rule 23 Class one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty hours per workweek.

58. Plaintiff and the Rule 23 Class regularly worked more than forty hours per week.

59. Defendants failed to pay Plaintiff and the Rule 23 Class the overtime wages to which they were entitled under the NJWHL.

60. Defendants' violations of the wage payment requirements of the NJWHL was part of their regular business practice and constituted a pattern, practice, and/or policy.

61. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the NJWHL with respect to the compensation of Plaintiff and the Rule 23 Class.

62. Defendants willfully violated the NJWHL by knowingly and intentionally failing to pay Plaintiff and the Rule 23 Class members overtime wages.

63. As a result of Defendants' willful violations of the NJWHL, Plaintiff and the Rule 23 Class members are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and pre- and post-judgment interest.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of herself, the FLSA Collective, and the Rule 23 Class, respectfully requests that this Court:

    a.    certify this case as a class action pursuant to Rule 23 for the Rule 23 Class described herein, certify Plaintiff as the representative of the Rule 23 Class, and designate Plaintiff's counsel as Class Counsel;

    b.    certify this action as a collective action on behalf of the FLSA Collective described herein and authorize the prompt issuance a notice pursuant to 29 U.S.C. § 216(b) to all prospective members of the FLSA Collective apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

    c.    declare that the Defendants violated the overtime pay provisions of the FLSA and the NJWHL;

    d.    declare that the Defendants' violations of the FLSA and NJWHL were willful;

    e.    enjoin and permanently restrain Defendants from further violations of the FLSA and NJWHL;

    f.    award Plaintiff, the FLSA Collective, and the Rule 23 Class unpaid overtime wages;

    g.    award Plaintiff, the FLSA Collective, and the Rule 23 Class liquidated damages pursuant to the FLSA and NJWHL;

    h.    award Plaintiff, the FLSA Collective, and the Rule 23 Class reasonable attorneys' fees and costs of the action pursuant to the FLSA and the NJWHL;

    i.    award Plaintiff, the FLSA Collective, and the Rule 23 Class pre- and post-judgment interest; and

j.      award such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated:  New York, New York
        January 26, 2023

PECHMAN LAW GROUP PLLC

By: _____
Louis Pechman
Galen C. Baynes
488 Madison Avenue, 17th Floor
New York, New York 10022
Tel.: (212) 583-9500
pechman@pechmanlaw.com
baynes@pechmanlaw.com
*Attorneys for Plaintiff and the Putative FLSA Collective and Rule 23 Class*