UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------------- X
MARIA SARAVIA ALARCON, on behalf of herself :
and all others similarly situated, :
 :
Plaintiff, :
 :
-against- : No. 2:23 Civ. 447 (JSA)
 :
GIANNELLA'S MODERN BAKERY LLC and :
JOHN IMPARATO, :
 :
Defendants. :
 :
---------------------------------------------------------------- X

### [PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTERING FINAL JUDGMENT

This matter having been heard by the Court on October 29, 2025, following Plaintiff's October 1, 2025 Unopposed Motion for Final Approval of Class Settlement and Certification of Settlement Class (the "Final Approval Motion") (ECF Nos. 65-66),

**IT IS HEREBY ORDERED AND ADJUDGED:**

1. Plaintiff's Final Approval Motion is **GRANTED** in its entirety;

2. Unless otherwise defined herein, all terms used in this Order (the "Final Order and Judgment") have the same meaning as defined in the Parties' Settlement Agreement and Release (the "Settlement") (ECF No. 63-1);

3. The Court has jurisdiction over the subject matter of this Action, the Plaintiff, the Opt-In Plaintiffs, the Class Members, the FLSA Collective Members, and Defendants;

4. The Court finds that the Settlement was the product of arms-length negotiations between experienced counsel and grants final approval of the Settlement, including the releases

and other terms all as set forth in the Settlement, as fair, reasonable, and adequate as to the Parties, the Class Members, and the FLSA Collective Members;

5. The Court finds that the procedures for notifying the Class Members and FLSA Collective Members about the Settlement, including the Class Notices and related documents, constituted the best notice practicable under the circumstances to all Class Members and FLSA Collective Members, and fully satisfied all necessary requirements of due process. Based on the evidence and other materials submitted to the Court, the Class Notices to the Class Members and FLSA Collective Members provided adequate, due, sufficient, and valid notice of the Settlement;

6. The Court finds that there were zero written objections to the Settlement;

7. The Court finds that there were zero requests for exclusion from the Settlement;

8. The Court finds, for settlement purposes only, that the Class and FLSA Collective described in the Settlement satisfy the applicable standards for certification under Federal Rule of Civil Procedure ("FRCP") 23 and 29 U.S.C. § 216(b), and certifies the Class and FLSA Collective for settlement purposes only;

9. The Court confirms the appointment of Plaintiff Maria Saravia Alarcon as Class Representative;

10. The requested Service Award of $15,000 for Class Representative Maria Saravia Alarcon is approved;

11. The requested Service Awards of $2,000 each for Opt-In Plaintiffs Dilsy Griselda Salvatierra Perez, Ana Pacheco, Karla Vidal, Santos Hugo Najera Lopez, and Oralia Pacheco are approved;

12. The Court confirms the appointment of Pechman Law Group PLLC ("PLG") as Class Counsel for settlement purposes;

13. Class Counsel's request for attorneys' fees in the amount of $466,666.67 and litigation costs in the amount of $3,096 is approved;

14. The Court confirms the appointment of Rust Consulting Inc. as Claims Administrator to carry out the procedures and directives set forth in the Settlement;

15. The Claims Administrator's request for $8,898 in settlement administration expenses is approved;

16. The Parties and the Claims Administrator are ordered and directed to carry out their respective remaining duties as set forth in the Settlement, including but not limited to the distribution of the Net Settlement Fund to the Class Members;

17. This Action is dismissed on the merits and with prejudice, permanently barring the Plaintiff and Class Members from filing, commencing, prosecuting, or pursuing the claims released per the terms of the Settlement, whether or not on a class or collective action basis;

18. This Court shall have exclusive and continuing jurisdiction over this action for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Settlement and this Final Approval Order;

19. This Order shall constitute a judgment for purposes of FRCP 58.

**SO ORDERED.**

Dated: 10/29/25
Newark, New Jersey

_____
HON. JESSICA S. ALLEN
UNITED STATES MAGISTRATE JUDGE